Wys, Demandante y Apelante, *v.* Concejo de Administración de Ponce, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en un procedimiento de *certiorari.*

No. 2563.—Resuelto en febrero 3, 1922.

Subastas de los Municipios—Nulidad de Adjudicación del Remate—Juntas de Subastas — Concejos de Administración — *Certiorari.* — Al enmendar la Ley No. 9 de mayo 12, 1920, el artículo 43 de la Ley Municipal de 1919 confirió a las juntas de subastas por aquélla creada la facultad de adjudicar la

buena pro en los remates, por lo que si tal adjudicación es nula por algún motivo el auto de *certiorari* no puede dirigirse contra el concejo de administración del municipio tanto más cuanto que no se alega ni prueba acto o resolución de dicho concejo que pueda ser anulado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. B. Pérez Mercado.*

Abogados de la apelada: *Sres. D. Sepúlveda* y *E. Flores Colón.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El Concejo de Administración de la ciudad de Ponce anunció la subasta de los puestos de venta de la plaza del mercado de dicha ciudad y dispuso que la junta de la subasta la constituyeran el comisionado de servicio público, el comisionado de obras públicas y el secretario municipal.

Constituída la expresada junta el día que estaba señalado para la subasta, presentaron proposiciones escritas Octavio Wys, F. R. Arévalo y José Barbosa, siendo adjudicada al último la buena pro por la junta de subasta.

Después de ésto, Octavio Wys acudió a la Corte de Distrito de Ponce con una solicitud de *certiorari,* en la que, alegando que su proposición en la subasta por $17,885 fué la más alta; que la de Barbosa no determinó cantidad precisa, limitándose a ofrecer $300 más que la proposición más alta y que a pesar de ésto la junta de subasta adjudicó el remate a dicho José Barbosa, solicitó que fuera anulado el acuerdo de dicha junta de subasta. Esta petición la dirigió contra el Concejo de Administración de la ciudad de Ponce sin alegar en ella acto alguno realizado por dicho concejo referente a la adjudicación del remate a Barbosa.

El auto fué expedido. No compareció a defenderse el concejo demandado pero lo hizo José Barbosa como interventor con permiso de la corte, la que después de las pruebas dictó sentencia declarando sin lugar la petición de *certiorari* y anulando el auto que había expedido, contra cuya

sentencia interpuso Octavio Wys el presente recurso de apelación.

En el juicio tampoco se probó acto alguno o resolución del Concejo de Administración de Ponce con respecto a la adjudicación a José Barbosa del remate por la junta de subasta.

La Ley Municipal que fué aprobada en 31 de julio de 1919 dispuso en su artículo 43, que el concejo de administración por ella creado sería la junta de subastas del municipio, cuando otra cosa no se ordenase en la misma ley; pero este artículo fué enmendado por la ley número 9, de 12 de mayo de 1920, preceptiva de que cuando el concejo de administración tuviera que anunciar subastas para la venta o arrendamiento de alguna propiedad, compra de efectos, etc., fijara día y hora para la admisión de proposiciones y designará una comisión compuesta del comisionado de servicio público, policía y prisiones; de otro miembro del concejo de administración, y del secretario municipal, que constituirán una junta adjudicadora para abrir públicamente las proposiciones, resolver acerca de ellas y adjudicar la buena pro al que hubiere presentado la mejor proposición, pudiendo celebrar pujas a viva voz en el caso de que hubieren dos o más proposiciones igualmente ventajosas y teniendo derecho a rechazar cualquiera o todas las proposiciones, en cuyo último caso el concejo de administración podrá anunciar nueva subasta o disponer del asunto en la forma más conveniente para el municipio.

En vista de las citas hechas tenemos que concluir que la facultad que tenía el concejo de administración para actuar como junta de subastas le fué quitada totalmente por la enmienda de 1920 y la confiere únicamente a la comisión por ella creada compuesta de tres miembros, de los cuales uno solamente es de libre designación del concejo de administración entre los comisionados, comisión o junta que tiene concedida directamente por la ley la facultad de hacer la ad-

judicación del remate a la proposición que crea más ventajosa, sin que tal facultad esté supeditada a resolución alguna del concejo de administración, por lo que si la adjudicación del remate es nula por algún motivo la acción no puede dirigirse contra el concejo de administración que no ha intervenido en la adjudicación de la buena pro en la subasta y que no ha realizado acto alguno ni dictado resolución que pueda ser anulado.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.